## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, by Parent, SHAWNA F. EDWARDS, <br><br> Plaintiffs, <br> v. <br> MICHAEL JOLLIFF-BLAKE, ARTURO V. BRACHO, ANDREW J. BELUSO, CARLOS A. SANCHEZ, ALEJANDRO LAGUNAS, SHERRY L. BUCKNER, ANTONIO HERRERA, MICHAEL A. CANTORE, RICO L. CARTER, DARIUS J. REED, EDWARD J. SULLINS, NEIL J. SKIPPER, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, <br><br> Defendants. | Case No. 13 C 4558 <br><br> Judge Jorge L. Alonso <br><br> Magistrate Judge Susan E. Cox <br><br> JURY TRIAL DEMANDED |

## THIRD AMENDED CIVIL RIGHTS COMPLAINT

Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, SHAWNA A. WALKER, Minor, by Parent, SHAWNA F. EDWARDS, by and through their attorney, Irene K. Dymkar, as their third amended complaint against defendants, MICHAEL JOLLIFF-BLAKE, ARTURO V. BRACHO, ANDREW J. BELUSO, CARLOS A. SANCHEZ, ALEJANDRO LAGUNAS, SHERRY L. BUCKNER, ANTONIO HERRERA, MICHAEL A. CANTORE, RICO L. CARTER, DARIUS J. REED, EDWARD J. SULLINS, NEIL J. SKIPPER, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, state as follows:

## NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants

1

committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2.      Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert Illinois state claims contained herein.

## JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

5.      At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

6.      Plaintiff SHAWNA A. WALKER is a minor and is appearing through and by her parent, SHAWNA F. EDWARDS.

7.      At all times herein mentioned, defendants MICHAEL JOLLIFF-BLAKE (hereinafter JOLLIFF-BLAKE), ARTURO V. BRACHO (hereinafter BRACHO), ANDREW J. BELUSO (hereinafter BELUSO), CARLOS A. SANCHEZ (hereinafter SANCHEZ), ALEJANDRO LAGUNAS (hereinafter LAGUNAS), SHERRY L. BUCKNER (hereinafter BUCKNER), ANTONIO HERRERA (hereinafter HERRERA), MICHAEL A. CANTORE (hereinafter CANTORE), RICO L. CARTER (hereinafter CARTER), DARIUS J. REED (hereinafter REED), EDWARD J. SULLINS (hereinafter SULLINS), NEIL J. SKIPPER (hereinafter SKIPPER), and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois. Said defendants are being sued in their individual capacity.

2

8.    Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

9.    At all times mentioned herein, all plaintiffs lived at 827 S. Keeler Avenue in Chicago, Illinois.  Plaintiff NELSON D. EDWARDS has owned the property for over 40 years.

10.    In the evening of June 20, 2012, defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS arrived at 827 S. Keeler Avenue, Chicago, Illinois, with a warrant to search a "Freddy Sutton" and the premises at 827 S. Keeler Avenue, Chicago, Illinois.

11.    No one named "Freddy Sutton" lived at 827 S. Keeler Avenue on June 20, 2012, and no one named "Freddy Sutton" has ever lived at 827 S. Keeler Avenue in the 40 years plaintiff NELSON D. EDWARDS has owned the property.

12.    The search warrant was obtained by appearing in front of a criminal court judge with a so-called "John Doe" informant.

13.    Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and/or UNKNOWN OFFICERS knew that the informant was unreliable and that his information about criminal activity had not been corroborated through an independent police investigation.

14.    Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and/or UNKNOWN OFFICERS knew that the information presented to the judge was not true, had not been verified, and was unverifiable.  Not only did they know that the information was unreliable, but they also knew that it was stale.

3

15.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and/or UNKNOWN OFFICERS intentionally presented false and incomplete information and made misrepresentations to the judge in order to obtain the search warrant and it was in reliance on that false and incomplete information that the judge signed the warrant.

16.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS failed to knock and wait a reasonable amount of time for a response before they illegally entered the home.

17.     Plaintiffs SHAWNA F. EDWARDS and SHAWNA A. WALKER, Minor, were illegally detained inside the home.

18.     Plaintiffs NELSON D. EDWARDS and SHERRI L. EDWARDS were illegally detained outside the home.

19.     Defendants kicked open the bathroom door while SHAWNA A. WALKER, Minor, was using the toilet.

20.     Plaintiff NELSON D. EDWARDS was shoved out of the way by defendants.

21.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS illegally searched the home, leaving the home in total disarray.

22.     Thereafter, plaintiff NELSON D. EDWARDS sought medical attention for heart problems.

23.     By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

24.     The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

4

25.     By reason of the above-described acts and omissions of the defendant police officers, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS for Intentionally Procuring a Search Warrant by Use of an Unreliable Informant Giving Unreliable Information and by Misrepresentation**

26.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

27.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and/or UNKNOWN OFFICERS procured a search warrant from the criminal court judge for 827 S. Keeler Avenue, Chicago, Illinois, on June 17, 2012, knowing that the so-called "John Doe" informant was unreliable and that his information about the location and alleged criminal activity was unreliable and stale.

28.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and/or UNKNOWN OFFICERS procured a search warrant from the criminal court judge, knowing that the information presented to the judge was not true, had not been verified and was not verifiable, and that the informant was unreliable.

5

29.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and/or UNKNOWN OFFICERS intentionally made misrepresentations to the judge in order to obtain the search warrant and it was because of those misrepresentations that the judge signed the warrant.

30.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS justify their illegal search of plaintiffs' home with the fraudulently obtained warrant.

31.     Defendant SKIPPER was a police lieutenant who approved the search warrant and the complaint supporting the search warrant, without requiring officers to vet the informant for reliability and without requiring any independent corroboration of criminal activity at 827 S. Keeler Avenue, Chicago, Illinois.  There was insufficient probable cause to present the warrant and complaint to a judge.

32.     By reason of the conduct of defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS, plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT II

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS for Unconstitutional Entry of Home**

33.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

6

34.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS illegally entered plaintiffs' home at 827 S. Keeler Avenue in Chicago, Illinois, on June 20, 2012, without a valid warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

35.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS knew that the warrant was not valid, both because of the circumstances in which it was issued and because the information that was allegedly used was stale, having been obtained more than five days before the execution of the warrant.

36.     Defendant SKIPPER was a police lieutenant who approved the search warrant and the complaint supporting the search warrant, without requiring officers to vet the informant for reliability and without requiring any independent corroboration of criminal activity at 827 S. Keeler Avenue, Chicago, Illinois.  There was insufficient probable cause to present the warrant and complaint to a judge.  SKIPPER knew that the search warrant would be used as justification and authority for entering 827 S. Keeler Avenue.

37.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS failed to knock and wait a reasonable amount of time for a response before they broke the door and entered plaintiffs' home.

38.     By reason of the conduct of defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS, plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the

Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS for Unconstitutional Search of Home**

39.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

40.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS illegally searched plaintiffs' home at 827 S. Keeler Avenue in Chicago, Illinois, on June 20, 2012, without a valid warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

41.     Defendant SKIPPER was a police lieutenant who approved the search warrant and the complaint supporting the search warrant, without requiring officers to vet the informant for reliability and without requiring any independent corroboration of criminal activity at 827 S. Keeler Avenue, Chicago, Illinois. There was insufficient probable cause to present the warrant and complaint to a judge. SKIPPER knew that the search warrant would be used as justification and authority for searching 827 S. Keeler Avenue.

42.     The search was unconstitutional at its inception and unconstitutional in its scope. The length of the search and the extent of the search, including the use of canines, were not reasonable.

43.     By reason of the conduct of defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS, plaintiffs, NELSON D. EDWARDS, SHERRI L.

EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT IV

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS for Illegal Seizure and Detention**

44.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

45.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were illegally seized and detained by defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS, said seizure and detention being without probable cause and unreasonable.

46.     The seizure and detention were unconstitutional at their inception and unconstitutional in their scope. The length of the detention and the circumstances of the detention were not reasonable.

47.     By reason of the conduct of defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS, plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT V

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS for Excessive Force**

48.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

49.     The force used by defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS was excessive, unnecessary, unreasonable, and without legal cause. This excessive use of force consisted of the manner in which defendants accosted and detained plaintiffs, and also consisted of pushing an elderly man, plaintiff NELSON D. EDWARDS, out of the way, and kicking in the bathroom door on a child, SHAWNA A. WALKER.

50.     By reason of the conduct of defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS, plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT VI

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, UNKNOWN OFFICERS, and CITY OF CHICAGO for State Supplemental Claim of Battery**

51.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

10

52.    The physical contact by defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS was offensive and injurious, and against plaintiffs' will.

53.    Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS were employees or agents of the CITY OF CHICAGO and were performing duties within the scope of their employment are liable to plaintiffs under Illinois law for the state supplemental claim of battery.

54.    Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS are liable to plaintiffs under Illinois law for the state supplemental claim of battery.

55.    Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior.*

## COUNT VII

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendant SULLINS for Supervisory Liability**

56.    Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

57.    Defendant SULLINS was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at the Edwards home on June 20, 2012, and therefore, is liable as a supervisor.

58.    By reason of the conduct of defendant SULLINS, plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and

Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.
Therefore, defendant SULLINS is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT VIII

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendant SKIPPER for Supervisory Liability**

59.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

60.     Defendant SKIPPER was a supervisory officer, a lieutenant, who approved, condoned, or turned a blind eye to unconstitutional conduct, and therefore, is liable as a supervisor.

61.     Defendant SKIPPER approved the search warrant and the complaint supporting the search warrant, without requiring officers to vet the informant for reliability and without requiring any independent corroboration of criminal activity at 827 S. Keeler Avenue, Chicago, Illinois. There was insufficient probable cause to present the warrant and complaint to a judge.  SKIPPER knew that the search warrant, once signed, would be used as justification and authority for entering, occupying, and searching 827 S. Keeler Avenue.

62.     By reason of the conduct of defendant SKIPPER, plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant SULLINS is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT IX

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS for Failure to Intervene**

63.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

64.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, and UNKNOWN OFFICERS were present when plaintiffs were seized and when their home was searched, all without a valid warrant and without probable cause to believe that plaintiffs had committed any crimes and without probable cause to believe that there was any evidence of criminal activity in their home.  Defendants were also present when excessive force was used on plaintiffs.

65.     Defendant SKIPPER was a police lieutenant who approved the search warrant and the complaint supporting the search warrant, without requiring officers to vet the informant for reliability and without requiring any independent corroboration of criminal activity at 827 S. Keeler Avenue, Chicago, Illinois.  There was insufficient probable cause to present the warrant and complaint to a judge.  SKIPPER knew that the search warrant, once signed, would be used as justification and authority for entering, occupying, and searching 827 S. Keeler Avenue.

66.     Defendants had reason to know that other officers were engaged in unconstitutional conduct.

67.     Defendants had a reasonable opportunity to prevent said abuse and injury from occurring, but failed to do so.

68.     By reason of the conduct of defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS, plaintiffs, NELSON D. EDWARDS, SHERRI L.

EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT X

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)**

69.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 68, as though set forth herein in their entirety.

70.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

71.     Defendants JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, and UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

72.     Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

## COUNT XI

**Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, Against Defendant CITY OF CHICAGO for *Monell* Claim**

73.     Plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, incorporate and reallege paragraphs 1 - 68, as though set forth herein in their entirety.

74.     The misconduct described paragraphs 1 - 68 was undertaken pursuant to the policy and practice of the CITY OF CHICAGO and the Chicago Police Department in that:

14

a.   By use of an express policy of the Chicago Police Department, officers falsely obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

b.   Chicago Police Department Special Order 07-06, effective June 2, 2007, was intentionally drafted to include a classification of police informant described as a "John Doe" Informant. This express policy, and the actions made permissible by said policy, allow the use of a so-called "John Doe" Informant without police officers knowing the name, address, or telephone number of the informant and without keeping any records or files of the informant or his/her track record for providing reliable and accurate information regarding criminal activity.

c.   The actions implicitly allowed by this express policy include, but are not limited to the following:

-   There is no requirement for an officer to make or keep any records of the identity or reliability of the "John Doe" Informant.

-   There is no requirement that the reliability and credibility of the "John Doe" Informant be vetted.

-   There is no requirement that the "John Doe" Informant have a track record of providing truthful information in the past.

-   There is no requirement that the officer even know the true identity of the "John Doe" Informant, or have any contact information for the "John Doe" Informant.

-   There is no requirement that the "John Doe's" recitation of and information about criminal activity at a residence be independently corroborated.

-   There is no requirement for an officer to make or keep any records of any attempts to corroborate any information about criminal activity at a residence.

-   There is no requirement that the officer verify that the "John Doe" Informant had in fact ever been to the target residence or had ever met the person targeted in the warrant.

15

- There is no requirement that the officer verify that the alleged target lived at, frequented, or even had ever been at the targeted residence.

d.   75% of all warrants obtained by the Organized Crime Bureau, Narcotics Division, are obtained with "John Doe" Informants.

e.   As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, falsely obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize and detain citizens in a manner similar to that alleged by plaintiffs in Counts I - IX on a frequent basis.

f.   As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

g.   As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

h.   There is no oversight to the training of officers regarding search warrants. The training has been conducted by Commander James O'Grady of the Organized Crime Bureau.  Lt. Michael Pigott, the commanding officer in

16

charge of the Education and Training Division and thus all police training, fails to oversee the content of O'Grady's course. Chief Nicholas Roti, in charge of the Organized Crime Bureau, also fails to oversee the content of O'Grady's course.

i.  James O'Grady, who is both a police commander and an attorney, is considered "the expert" on search warrants, and he teaches the following as part of the search warrant course to all officers:

- Probable cause is subjective and an officer has to subjectively feel that there is probable cause based on his investigation, which could be based on just driving to the location with the "John Doe" Informant and having him/her point to the residence where he/she claims narcotics were seen or purchased.

- An officer is not required to know a "John Doe" Informant's real name, is not required to know the informant for any particular length of time, and is not required to know anything about the informant, including the informant's criminal record.

- A "John Doe" Informant does not have to have a track record of giving reliable information and does not ever have to have given any information at all in the past.

- A "John Doe" Informant may be under the influence of narcotics when giving the officer the information and also when appearing before the judge.

- An officer does not have to determine if the target for the warrant is linked to the address of the target residence.

- There is no requirement that there be any sort of surveillance or other independent investigation to corroborate any criminal activity. The officer and the "John Doe" Informant driving past a building with the "John Doe" saying, "That's where I bought the drugs" itself is sufficient corroboration of criminal activity in the building.

- The burden is on the judge signing the warrant to determine the credibility of the "John Doe" Informant," thus absolving a police officer from having the responsibility to determine the credibility of the informant.

j.  The Chicago Police Department does not have a supervisory system in place that can monitor the use of "John Doe" Informants, in that:

- Since there are no files kept of "John Doe" Informants, there is no one keeping track of the number of "John Doe" warrants or the success rate of the execution of those warrants.

17

- Because the identity and address of the "John Doe" Informant are not known, no one keeps track of how many times the same informant has been used, successfully or not, either by the same officer, or by other officers in the Chicago Police Department.

- With no file and no documentation, there is no way a supervisor can discipline an officer and hold that officer accountable.

- With no requirement that an officer know who a "John Doe" is, or anything about the informant, an officer cannot be reprimanded that he or she did not properly vet the informant.

- With no requirement that the criminal activity reported actually took place, other than by a drive-by statement by the informant that THAT is the place where I bought my drugs, an officer cannot be reprimanded that he or she did not properly corroborate the existence of criminal activity.

k.     The CITY OF CHICAGO has failed to have an effective disciplinary

system in effect that investigates police misconduct in the procurement of a

warrant.  In part, plaintiffs contend:

- The investigation of the Bureau of Internal Affairs of a complaint extends only to what happens during the execution of a warrant, not to what happens in the obtaining of a warrant.

- Officers are not questioned by Internal Affairs about the identity or reliability of a "John Doe" Informant, or the circumstances in obtaining the warrant.

- Because no file is kept, Internal Affairs has no file to look at.

- Sgt. Ray E. Broderdorf of the Bureau of Internal Affairs has given sworn testimony as a City of Chicago Rule 30(b)(6) witness in an unrelated case that it is not necessary to question an officer about how a "John Doe" warrant was obtained, because the "John Doe" Informant appears before the judge before the issuance of the warrant and the judge does the monitoring, because "[t]hat's what the judge is for."

- In his 10 years in Internal Affairs, Sgt. Broderdorf has never sustained the allegations by a complainant of an officer conducting an illegal search.  He has never sought the criminal prosecution of a department member who conducted an illegal search of a home.  He has always made a determination that it was "an honest mistake."

- Officers at large are never told about pending investigations or the number of complaints brought against police officers in regard to search warrants.  Officers only find out about a complaint when there is a finding of "sustained."  Therefore, there is little deterrence.

18

l.     The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Counts I - IX, despite actual knowledge of same, thereby causing the types of injuries alleged here.

75.     The policies and practices listed above have been the moving force behind the constitutional violations alleged herein.  Enabling police officers to use "John Doe" Informants without any constitutional safeguards, with no reporting requirements, with no supervision or oversight, with inadequate training, and with no disciplinary consequences allowed the individual defendant officers in this action to act with impunity in entering and searching plaintiffs' home and detaining plaintiffs, with no fear that their actions would be scrutinized or that there would be any accountability.

76.     By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, and SHAWNA A. WALKER, Minor, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.


WHEREFORE, plaintiffs, NELSON D. EDWARDS, SHERRI L. EDWARDS, SHAWNA F. EDWARDS, SHAWNA A. WALKER, Minor, by Parent, SHAWNA F. EDWARDS, request judgment as follows against defendants, JOLLIFF-BLAKE, BRACHO, BELUSO, SANCHEZ, LAGUNAS, BUCKNER, HERRERA, CANTORE, CARTER, REED, SULLINS, SKIPPER, UNKNOWN OFFICERS, and CITY OF CHICAGO in the claims set forth above, and specifically:

A.     That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B.     That defendants be required to pay plaintiffs special damages, in a sum to be ascertained at a trial of this matter,

C.      That defendants, except CITY OF CHICAGO, be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter,

D.      That an injunction be issued against the CITY OF CHICAGO prohibiting it from using unconstitutional policies, procedures, and practices pertaining to the procurement and execution of so-called "John Doe" warrants, and providing other equitable relief as is deemed just and proper,

E.      That a declaratory judgment be issued declaring the Chicago Police Department policies, procedures, and practices complained of herein to be unconstitutional,

F.      That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

G.      That defendants be required to pay plaintiffs' costs of the suit herein incurred, and

H.      That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby request A TRIAL BY JURY.**

Dated: December 12, 2014                       /s/     Irene K. Dymkar
                                                     Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
53 West Jackson, Suite 562
Chicago, IL 60604-3420
(312) 345-0123

(Note: This Third Amended Complaint was amended after leave to file the document was granted on May 7, 2015, solely to reflect in the caption the change of assignment of both the district court judge and the magistrate judge).

## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 7th day of May, 2015, a copy of the above Third Amended Civil Rights Complaint was served upon the attorneys for defendants named below through the Court's electronic filing system.

Jonathan Clark Green        Thomas M. Leinenweber
Raoul V. Mowatt            Kevin E. Zibolski
City of Chicago, Department of Law    James V. Daffada
30 N. LaSalle, Suite 900          1150 Wilmette Ave., Suite 1
Chicago, IL 60602             Wilmette, IL 60091


Dated: May 7, 2015             /s/     Irene K. Dymkar
                                  Irene K. Dymkar

21